UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

EMILIO BELTRAN-SANCHEZ, )
  )
     Petitioner, )
  )
v. ) Nos.: 2:14-cv-199; 2:12-cr-40(1)
  ) *Greer/ Inman*
UNITED STATES OF AMERICA, )
  )
     Respondent. )

## **MEMORANDUM OPINION**

Federal inmate Emilio Beltran-Sanchez ("petitioner") brings this *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, (Doc. 17).[1] Following his guilty plea, petitioner was convicted of one count of illegal presence by an alien in the United States, in violation of 8 U.S.C. § 1325(a). His judgment of conviction, fixing a 5-month (time served) sentence of imprisonment and a one-year term of supervised release, was entered on July 23, 2012, (Doc. 11).

On the same day as he filed this instant § 2255 motion, petitioner submitted a notice of appeal, (Doc. 16). The appeal is pending in the Sixth Circuit, but the United States has filed a motion to dismiss it based on an untimely filed notice of appeal, (Sixth Circuit Court of Appeals, *see* online at https://ecf.ca6.uscourts.gov/ cmecf/ servlet/ TransportRoom?servlet=CaseSummary.jsp&caseNum=14-5791&incOrigDkt=Y&incDkt Entries=Y (Internet materials as visited Oct. 10, 2014, and available in Clerk of Court's

---

[1] All citations to the record refer to petitioner's criminal file.

case file.)). Even so, it remains that petitioner's appeal is still pending in the Sixth Circuit.

A defendant who has a direct appeal pending may not maintain a 28 U.S.C. § 2255 action, absent extraordinary circumstances. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998) (adopting the rule that, in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application during the pendency of a direct appeal).

Petitioner has presented no extraordinary circumstances that would cause the Court to entertain this motion. Accordingly, petitioner's 28 U.S.C. § 2255 action will be **DISMISSED** without prejudice by separate order.

The Court **FINDS**, in view of the basis for the dismissal, that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not debate the correctness of the procedural ruling disposing of this motion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, petitioner is **DENIED** issuance of a certificate of appealability. Fed. R. App. P. 22(b).

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE